**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | :  **COMPLAINT – CLASS ACTION** |
| DEMAND SCIENCE GROUP, LLC, | : :  **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff George Moore (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff alleges that Demand Science Group, LLC ("Demand Science Group") made unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry.

4. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.  Plaintiff George Moore is an individual citizen and resident of this District.

7.  Defendant Demand Science Group, LLC is a Delaware limited liability company headquartered in Massachusetts that is registered to do business in Illinois.

## JURISDICTION AND VENUE

8.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9.  This Court has personal specific jurisdiction over Demand Science Group because it makes telemarketing calls into this District, just as it did with the Plaintiff.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant Demand Science Group is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Demand Science Group advertises its ability to increase leads and sales for businesses.

18. It does so by making telemarketing calls.

19. During these telemarketing calls, Demand Science Group uses the name "ContentCrowd".

20. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Mr. Moore

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

4

22. Plaintiff's telephone number (the "Number"), 630-699-XXXX, is on the National Do Not Call Registry and has been registered continuously for more than one year prior to the calls at issue.

23. Despite this, the Defendant placed multiple telemarketing calls to Mr. Moore.

24. Mr. Moore received his first telemarketing call from the Defendant on January 15, 2021.

25. During this call, "Amanda" informed the Plaintiff that she was calling from ContentCrowd to provide information regarding goods and services offered by their client Data Networks Inc.

26. "Amanda" then asked the Plaintiff a series of questions regarding his potential use for Dell ESG Solution services.

27. The Plaintiff terminated the call.

28. Despite this, the Plaintiff received another telemarketing call from the Defendant on January 18, 2021.

29. During this call, "Fiona" said that she was calling from ContentCrowd to advertise the availability of information regarding Dell ESG Solutions.

30. "Fiona" then asked if she could set up a follow-up phone call to discuss the offering further.

31. Mr. Moore indicated that he did not want to speak on the phone.

32. The Caller ID for the first two calls from the Defendant to Mr. Moore was (667) 402-1005.

33. Other individuals have complained about receiving telemarketing calls from that number:

> They are calling you about a LEADING BRAND OFFER??!!
> Telemarketer...BLOCKED! Really thick accent and kinda hard to understand but that is what I got out of it.

*See* https://800notes.com/Phone.aspx/1-667-402-1005 (Last Visited March 23, 2022).

34. Despite his prior request to no longer receive telephone calls from the Defendant, Mr. Moore received another call on May 28, 2021 from the Defendant.

35. Again, the call was from "ContentCrowd" regarding information they wanted to send to Mr. Moore regarding goods and services of another client of theirs.

36. Mr. Moore ended the call.

37. Despite this, Mr. Moore received another call from the Defendant on June 16, 2021.

38. During this call, Mr. Moore was informed that ContentCrowd was calling in partnership with Google Chrome.

39. Mr. Moore was further advised that ContentCrowd wanted to promote the most recent information regarding Google Chrome OS goods and services.

40. Mr. Moore was not interested and he ended the call.

41. On January 31, 2022, Mr. Moore received another call from the Defendant.

42. During this call, Mr. Moore was informed that ContentCrowd was calling in partnership with BitDefender.

43. Mr. Moore terminated the call.

44. Finally, on March 14, 2022, the Plaintiff received another call from the Defendant.

45. During this call, "Sam Wilson" from ContentCrowd stated that she was calling on behalf of Dell Technologies.

6

46. Mr. Moore was not interested in the services of Dell being promoted and ended the call.

47. The Caller ID for the final calls from the Defendant to Mr. Moore was (646) 798-4748.

48. Other individuals have also complained about receiving telemarketing calls from this number:

> Called about some kind of connect service and wanted me to attend an event.

*See* https://www.shouldianswer.com/phone-number/6467984748 (Last Visited March 23, 2022).

> Caller said she was an employee from Google and wanted to confirm my email address to send me an important article about hybrid work. I asked why she bothered to call instead of just sending it, and she said it was important enough to get confirmation. Suspicious of her, I asked if it was posted on Google so I could look it up myself. She was disconnected mid-sentence, possibly by a supervisor who observed the call was going nowhere and that I wouldn't confirm or deny her question.

*See* https://www.shouldianswer.com/phone-number/6467984748 (Last Visited March 23, 2022).

49. Prior to filing the lawsuit, Mr. Moore contacted the Defendant.

50. Mr. Moore inquired if the Defendant had any consent for the telemarketing calls made to him.

51. Instead, the Defendant informed Mr. Moore that they called him based on information they obtained online.

52. This is a further indication of the *en masse* calling.

53. Plaintiff's privacy has been violated by the above-described telemarketing calls.

54. The Plaintiff never provided his consent or requested these calls.

55. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

7

56. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

### Class Action Allegations

57. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

58. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

59. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

60. The Class as defined above are identifiable through phone records and phone number databases.

61. The potential members of the Class number at least in the thousands.

62. Individual joinder of these persons is impracticable.

63. The Plaintiff is a member of the Class.

64. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

8

  (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

  (c) whether Defendant's conduct constitutes a violation of the TCPA;

  (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

65. Plaintiff's claims are typical of the claims of members of the Class.

66. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

67. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

68. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

69. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

70. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

71. The Defendant's violations were negligent, willful, or knowing.

72. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

73. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

 F. An award to Plaintiff and the Class of damages, as allowed by law; and

 G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

        GEORGE MOORE,
        By his attorney

Dated: March 24, 2022

        By: */s/ Anthony I. Paronich*
        Anthony I. Paronich (*pro hac vice*)
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        [o] (617) 485-0018
        [f] (508) 318-8100
        anthony@paronichlaw.com